Roxanne Laura Crocket, Esq., SBN 228198
**WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Telephone:   (213) 443-5100
Facsimile:    (213) 443-5101
Attorneys for Defendant,
AMF BOWLING CENTERS INC.
Erroneously sued as BOWLMOR SANTA MONICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT

| | |
|---|---|
| JOANNA GERSHENSON, an individual, | Case No.: |
| Plaintiff, | Hon. |
| vs. | **AMF BOWLING CENTERS INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446** |
| BOWLMOR SANTA MONICA, US 216 PICO OWNER, LLC; and DOES 1 through 50, inclusive | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant AMF BOWLING CENTERS, INC. doing business as BOWLERO which was erroneously sued as BOWLMOR SANTA MONICA ("AMF"), a citizen of Virginia, hereby removes this action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In sum, the Court has diversity jurisdiction as Plaintiff JOANNA GERSHENSON and Defendant AMF are not

citizens of the same state and the amount in controversy exceeds $75,000.

The grounds for removal are as follows:

## I. BACKGROUND AND PROCEDURAL POSTURE

1. On September 16, 2021, Plaintiff JOANNA GERSHENSON ("Plaintiff") filed a Complaint and thereby commenced this action in the Superior Court of the State of California for the County of Los Angeles, styled *Joanna Gershenson v. Bowlmor Santa Monica, US 216 Pico Owner, LLC, Does 1 through 50, inclusive*, and assigned Case No. 21STCV34233 ("State Court Action").

2. On March 1, 2022, Plaintiff served AMF with a Summons and a copy of the Complaint in the State Court Action. True and correct copies of the Summons, Complaint, other pleadings, process, and orders that have been served upon AMF and filed in the State Court Action are attached as **Exhibit 1** to this Notice of Removal. Other than the documents attached as Exhibit 1 to this Notice of Removal, Plaintiff has not served any pleadings, process, orders, filings, or other documents upon AMF in the State Court Action. In the event that such other documents or filings come to AMF's attention, AMF will immediately file copies in this Court.

3. There are two additional named defendants. US 216 PICO OWNER, LLC, and an Amendment to the Complaint replacing "DOE 1" as GRT SANTA MONICA TWO, LLC that was filed on February 25, 2022. True and correct copies of Plaintiff's Amendment to Complaint are attached hereto as **Exhibit 2**.

4. US 216 PICO OWNER, LLC was served on January 7, 2022, and filed its Answer to the Complaint on February 22, 2022. On March 18, 2022, Plaintiff dismissed US 216 PICO OWNER, LLC from the action. See **Exhibit 3**.

///
///
///

5. On March 17, 2022, AMF filed a Notice of Removal with the identified department in the State Court Action.

## II. TIMELINESS, JOINDER AND VENUE

5. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). On March 1, 2022, Plaintiff personally served Summons and Complaint on AMF's registered agent for service of process. This Notice of Removal is filed within thirty days after the date of service on AMF, and removal has been perfected within one year of the commencement of the action. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) and (c). *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"). Fed. R. Civ. P. 6(a)(1); *see Wensil v. E.I. DuPont De Nemours & Co.*, 792 F. Supp. 447, 448-49 (D.S.C. 1992). Service of process remains the official trigger for responsive action by the named defendant and the "receipt" of a complaint by any other means is not sufficient. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-348 (1999) (removal timely if filed within 30 days of formal service of summons and complaint); *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) (same).

6. All defendants, properly joined and served have consented to removal, and such is timely when defendants are served at different times and a later added defendant files a notice of removal and any served earlier defendant(s) has consented to the removal even though the earlier served defendant(s) did not previously initiate or consent to removal. 28 U.S.C. § 1446(b)(2)(C).

7. As Does 2- 50 have not yet been identified, all proper and active corporate defendants who have been named, joined, and served have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2).

8. The United States District Court for the Central District of California is the district within which the State Court Action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action. *See also* C.D. Cal. General Order No. 19-03, § I.B.1.b.

9. In accordance with 28 U.S.C. § 1446(d), AMF promptly will file in the State Court Action a copy of this Notice of Removal and give written notice to Plaintiff by serving this Notice of Removal on counsel for Plaintiff.

10. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION

11. The Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332. As detailed below, this action is removable pursuant to 28 U.S.C. § 1441 because there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional minimum.

**Diversity of Citizenship**

12. For purposes of diversity jurisdiction, a natural person's citizenship is determined by her "domicile," which is defined as "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a citizen of California.

13. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14. AMF is a corporation organized under the laws of Virginia, with its principal place of business in Virginia. The same was true as of March 1, 2022, and has been true at all times between then and now.

4
NOTICE OF REMOVAL

268931464v.1

15. Bowlero Corp. does not do business in the state of California and is not registered with the California Secretary of State to do business in the state. Bowlero Corp. has no role in this litigation. However, for purposes of this Notice, AMF is informed and believes that Bowlero Corp. is a corporation organized under the laws of Delaware, with its principal place of business in New York. The same was true as of March 1, 2022, and has been true at all times between then and now.

16. Defendant US 216 PICO OWNER, LLC's citizenship should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) because Plaintiff has dismissed this Defendant.

17. For the purposes of 28 U.S.C. § 1332 and determining diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). According to the California Secretary of State's business search on its public record webpage, Defendant (DOE 1) GRT SANTA MONICA TWO, LLC ("GRT TWO"), is a Delaware entity. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant GRT TWO is, and at all relevant times was, not a citizen of California and diverse to Plaintiff who is a California citizen. Regardless, Defendant GRT TWO's citizenship should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) because Plaintiff has not yet filed a proof of service as to Defendant GRT TWO, and Defendant AMF is informed and believes that Defendant GRT TWO has not been properly served the Summons & Complaint, and thus, pursuant to 28 U.S.C. § 1441(b)(2), its citizenship is not a bar to removal. *See, e.g., Dechow*, 358 F. Supp. 2d at 1054-55; *see also Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 920 (C.D. Cal. 2019).

18. Although Plaintiff has named forty-nine additional "Doe" defendants (2-50), "the citizenship of defendants sued under fictitious names

shall be disregarded" for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

19. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(2)'s codified "last-served defendant" rule because it is filed within 30 days of Defendant AMF's receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-348 (1999) (removal is timely if filed within 30 days of formal service of summons and complaint); *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) (same); *Lewis v. City of Fresno*, 627 F.Supp.2d 1179 (E.D. Cal. 2008) (the last-served rule states that the last-served defendant is allowed a full 30 days after being served to remove).

20. Based on the foregoing, complete diversity exists between Plaintiff (California) and all properly joined and served Defendants (Virginia) pursuant to 28 U.S.C. § 1332(a)(1). In addition, diversity exists between Plaintiff (California) and Defendant GRT TWO (Delaware) even though Defendant GRT TWO has not yet been properly served by Plaintiff.

**Amount in Controversy**

21. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.' 28 U. S. C. § 1446(a)." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). "When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, 'the matter in controversy [must] excee[d] the sum or value of $75,000.' § 1332(a)." *Id.*, at 83-84. If the plaintiff's complaint does not state the amount in controversy—e.g., by demanding monetary relief of a stated

1  sum—then the defendant's notice of removal may do so. *Id*., at 84 (citing §
2  1446(c)(2)).

3     22.   § 1446(a) provides that in order to adequately state the amount in
4  controversy for purposes of removal jurisdiction, "a defendant's notice of
5  removal need include only a plausible allegation that the amount in controversy
6  exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[W]hen a
7  defendant seeks federal-court adjudication, the defendant's amount-in-
8  controversy allegation should be accepted when not contested by the plaintiff or
9  questioned by the court." *Id*. at 87. Accordingly, "[e]vidence establishing the
10 amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the
11 court questions, the defendant's allegation." *Id*. at 89.

12     23.   The allegations and theory of recovery set forth in the Complaint
13 establish that, in the aggregate, the total amount in dispute here exceeds $75,000.

14     24.   "[T]he amount in controversy is simply an estimate of the total
15 amount in dispute, not a prospective assessment of [the] defendant's liability."
16 *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).
17 Accordingly, "in assessing the amount in controversy, a court must 'assume that
18 the allegations of the complaint are true and assume that a jury will return a
19 verdict for the plaintiff on all claims made in the complaint.'" *Campbell v.*
20 *Vitran Express, Inc.*, 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth*
21 *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.
22 Cal. 2002)).

23     25.   Although AMF denies any liability as to Plaintiff's claims, "it is
24 more likely than not" that the amount in controversy in this action exceeds the
25 $75,000 jurisdictional minimum. *See Sanchez v. Monumental Life Ins*., 102 F.3d
26 398, 403-404 (9th Cir. 1996) (discussing whether "it is 'more likely than not'
27 that the amount in controversy exceeds [the threshold] amount") (internal
28 citation omitted). Because "the amount-in-controversy inquiry in the removal

context is not confined to the face of the complaint," the district court may consider facts plausibly alleged in a defendant's notice of removal whether or not they appear in the plaintiff's complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

26. "[T]he amount in controversy is the 'amount at stake in the underlying litigation.' " *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). That amount "includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." *Gonzales*, 840 F.3d at 648 (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)). In more concrete terms, the amount in controversy includes, depending on the claims and requests for relief, "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch*, 899 F.3d at 793.

**27.** Here, at Page 1 of 56 of the attached **Exhibit 1**, Plaintiff has attached a Statement of Damages which was filed attached and incorporated to her State Court Action. Within the attached Statement of Damages, Plaintiff alleges damages totaling $2 million.

28. **All Pleadings from the State Court Action are Attached -** As required by 28 U.S.C. 1446(a), all papers and pleadings served on defendants and known to be on file with the State Court are attached to this notice as **Exhibits 1 – 3**

29. **Notice to Plaintiff and the State Court Clerk -** As required by 28 U.S.C. 1446(d), a copy of this notice is being served today on all parties of record and will be filed with the Clerk of the Superior Court of California, County of Los Angeles.

/ / /

/ / /

## IV. CONCLUSION

30. For these reasons, AMF respectfully request that this case be removed from California state court to this Court.

Dated: March 31, 2022

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ *Roxanne Crocket*
Roxanne Laura Crocket, Esq.
Attorneys for Defendant,
AMF BOWLING CENTERS INC.,
erroneously sued as BOWLMOR SANTA MONICA

# CERTIFICATE OF SERVICE

*Gershenson v. Bowlmor, Santa Monica*
**Our File No. 11033.00282**
**USDC, Central District of California Case No.**

At the time of service, I was over 18 years of age and not a party to the action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California, 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On **March 31, 2022**, I served the following document(s): **AMF BOWLING CENTERS INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446**

[X] **(BY ELECTRONIC SERVICE)** I electronically served the foregoing document in PDF format on behalf of *Defendant, AMF Bowling Centers, Inc. (erroneously sued as Bowlero Corp. and AMF Bowling Centers, Inc. dba Bowlero Corporation).*

The documents were served by the following means:

[] **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on **March 30, 2022**, at Los Angeles, California.

                                        */s/Susan Marriott* .
                                        Susan Marriott

268931464v.1

# SERVICE LIST

*Gershenson v. Bowlmor, Santa Monica*
**Our File No. 11033.00282**
**USDC, Central District of California Case No.**

| | |
|---|---|
| Igor Fradkin, Esq.<br>DOWNTOWN LA LAW GROUP<br>601 North Vermont Avenue<br>Los Angeles, CA 90004<br>igor@downtownlalaw.com<br>Tel" (213) 389-3765; Fax: (877) 389-2775 | *Attorneys for Plaintiff*<br>*JOANNA GERSHENSON* |
| Sean D. Beatty, Esq.<br>John W. Meyers, Esq.<br>Courtney E. Perdue<br>BEATTY & MEYERS, LLP<br>444 W. Ocean Boulevard, Suite 900<br>Long Beach, CA 90802<br>sbeatty@beattymyers.com<br>Tel: (562) 606-1530; Fax: (562) 268-1141 | *Attorneys for Defendant,*<br>*US 216 PICO OWNER UC* |