UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2125 FMO (KSx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | Joanna Gershenson v. Bowlmor Santa Monica, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:

None Present  None Present

**Proceedings:** (In Chambers) Order Re: Motion to Remand

On September 16, 2021, Joanna Gershenson ("plaintiff"), filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against AMF Bowling Centers, Inc., d/b/a Bowlero and erroneously sued as Bowlmor Santa Monica ("AMF") and US 216 Pico Owner, LLC ("US 216"). (Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-3); (Dkt. 1-1, Complaint). On February 25, 2022, plaintiff filed an Amendment to the Complaint, naming GRT Santa Monica Two, LLC ("GRT") as a defendant. (Dkt. 1, NOR at ¶ 3); (Dkt. 1-2, Amendment). Plaintiff dismissed US 216 on March 18, 2022. (Dkt. 1, NOR at ¶ 4); (Dkt. 1-3). On March 31, 2022, AMF removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. 1, NOR at ¶ 11). Plaintiff now seeks remand. (See Dkt. 15, Motion to Remand [ ] ("Motion")). Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 n. 3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2125 FMO (KSx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | Joanna Gershenson v. Bowlmor Santa Monica, et al. | | |

stated, are strictly construed against removal jurisdiction.[1]  See id.  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**DISCUSSION**

Although plaintiff makes several arguments as to why removal was improper, (see Dkt. 15, Motion at 12-27), the court's review of the state-court Complaint, Amendment, and the briefing related to the instant Motion discloses that the court lacks diversity jurisdiction.

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).[2]  Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.  Plaintiff appears to be a citizen of California, (see Dkt. 1, NOR at ¶ 12), and AMF is a citizen of Virginia.  (See id. at ¶ 14).  However, GRT is a limited liability company, and AMF merely asserts that it is a "Delaware entity."  (Id. at ¶ 17).

Limited liability companies ("LLCs") are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2125 FMO (KSx) | Date | **July 18, 2022** |
|---|---|---|---|
| Title | Joanna Gershenson v. Bowlmor Santa Monica, et al. | | |

(9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Bus. Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of that member's incorporation and its principal place of business must be shown.

AMF has failed to set forth GRT's proper citizenship, as it did not identify or set forth the citizenship of its members. (See, generally, Dkt. 1, NOR at ¶ 17); (Dkt. 23, Defendant['s] Opposition to Plaintiff's Motion for Remand at 3). In short, AMF has failed to show that complete diversity of the parties exists.[3] Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for diversity jurisdiction.[4]

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

---

[3] Relying on 28 U.S.C. § 1441(b)(2), AMF also contends that GRT's citizenship should be ignored because it has not yet been served. (Dkt. 1, NOR at ¶ 13). However, the so-called forum defendant rule, see Vallejo v. Amgen, Inc., 2013 WL 12147584, *1 (C.D. Cal. 2013), which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[,]" 28 U.S.C. § 1441(b)(2), only comes into play if the opposing parties are otherwise diverse. But as noted above, AMF has failed to show diversity of citizenship between plaintiff and GRT.

[4] Plaintiff seeks an award of attorney's fees and costs in connection with the Motion. (See Dkt. 15, Motion at 27-29). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Here, the court finds that attorney's fees under 28 U.S.C. § 1447(c) are unwarranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2125 FMO (KSx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | Joanna Gershenson v. Bowlmor Santa Monica, et al. | | |

    1.  Plaintiff's Motion to Remand **(Document No. 15)** is **granted in part** and **denied in part**. The Motion is denied as to fees and costs.

    2.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    3.  The Clerk shall send a certified copy of this Order to the state court.

                                                         Initials of Preparer         gga